**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

FERNANDO CONDE, *on behalf of himself*
*and all others similarly situated,*

    Plaintiff,

v.

WEBCOLLEX, LLC,
*a Virginia Limited Liability Company,*
d/b/a, CKS FINANCIAL,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff, Fernando Conde, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. § 1331*, and *15 U.S.C. § 1692k*.

3. Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Fernando Conde, ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Indian River County, Florida.

5. Defendant, Webcollex, LLC, ("Defendant"), is a Virginia Limited Liability Company doing business as CKS Financial and is engaged in the business of collecting consumer debts, which operates from offices located at 505 Independence Parkway, Suite 300, Chesapeake, Virginia 23320.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

7. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8. Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA99202342. Defendant is not licensed in the State of Florida to collect commercial debts.

9. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

10. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes.

11. On or about October 6, 2017, Defendant sent a demand letter to Plaintiff that sought to collect an alleged debt. (The "Demand Letter" attached hereto as "Exhibit 1.")

12. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

13. The Defendant's Demand Letter stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

14. Pursuant *15 U.S.C § 1692g(a)* Defendant must provide Plaintiff with:

Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added)

15. *15 U.S.C. § 1692e(10)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. Defendant's Demand Letter falsely and misleadingly pronounces the verification rights of Plaintiff provided by *15 U.S.C. § 1692g*. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." omits that the Plaintiff's written notification can dispute the any portion of the debt, as stated in *15 U.S.C. § 1692g(4)*.

17. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## **CLASS ACTION ALLEGATIONS AS TO DEFENDANT**

18. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (iii) were mailed, or caused to be mailed, by the Defendant (iv) and were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action.

19. Plaintiff alleges on information and belief, based upon the Defendant's use of the phrase: "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." in its initial communication letters served upon the Class, is so numerous that joinder of all members of the Class is impractical.

20. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed, or caused to be mailed, an initial communication letter by Defendant that contained the phrase: "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." The common principal legal issue is whether Defendant failed to provide to each member of the Class the correct validation notice required by *15 U.S.C. § 1692g* after an "initial communication" by a debt collector.

21. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

22. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

23. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

# COUNT I
# VIOLATION OF *15 U.S.C. § 1692g(a)(4)*
# CLASS CLAIM AGAINST DEFENDANT

25. Plaintiff incorporates Paragraphs 1 through 17.

26. *15 U.S.C. § 1692g(a)(4)* states after an initial communication the Defendant must provide Plaintiff with:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

27. Defendant sent the Demand Letter to Plaintiff on behalf of Plaintiff's creditor in an attempt to collect a consumer debt.

28. Defendant's Demand Letter omits that the consumer, in order to receive the benefits provided by *15 U.S.C. § 1692g(a)(4)*, may dispute any portion of the debt.

29. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she could only dispute the entire portion of the debt.

30. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

31. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. § 1692k*.

# COUNT II
# VIOLATION OF *15 U.S.C. § 1692e*
# CLASS CLAIM AGAINST DEFENDANT

32. Plaintiff re-alleges Paragraphs 1 through 17 and Paragraphs 26 through 29.

33. *15 U.S.C. § 1692e* states:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    xxxx

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. Defendant sent the Demand Letter to Plaintiff on behalf of Plaintiff's client in connection with the collection of a consumer debt.

35. Defendant's Demand Letter omits that the consumer may dispute **any portion** of the debt, in writing despite the clear wording of *15 U.S.C. § 1692g(a)(4)*.

36. Defendant's Demand Letter is a misstatement of *15 U.S.C. § 1692g(a)(4)* that would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits to inform the Plaintiff (and the Class) that he (they) may dispute any portion thereof of the debt, in writing in order to receive verification of the debt as well as the protections available pursuant to *15 U.S.C. § 1692g(b)*.

37. Defendant's statement "If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." could mislead the least sophisticated consumer to believe that he or she may only dispute the entire debt. Defendant's statement could dissuade the least sophisticated consumer from disputing the debt. Many times, a consumer knows they owe a debt but may be unsure as to the amount of the

debt because of late fees and interest that may have accrued on the debt. Defendant's statement is susceptible to more than one interpretation.

38. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

39. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a. An Order certifying this matter as a Class action and appointment of Plaintiff as Class Representative as to all claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

Dated: February 16, 2018.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:  772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*